# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1408 C.D. 2016 |
| | : | Submitted: May 1, 2017 |
| $17,690.00 Seized from | : | |
| Gregory Starks | : | |
| | : | |
| Appeal of: Gregory Starks | : | |

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  May 31, 2017**

Gregory Starks (Starks) appeals from an order of the Court of Common Pleas of Delaware County (trial court), granting forfeiture by default of certain currency seized from Starks' rental vehicle during the execution of a traffic stop. For the reasons that follow, we vacate the trial court's order and remand this matter for further proceedings.

During the execution of a traffic stop, Pennsylvania State Troopers discovered and seized $17,690.00 from a vehicle. The Commonwealth filed a Petition for Forfeiture and Condemnation (Petition) on January 27, 2016. (Certified Record (C.R.), Item No. 1.) The Petition alleges the following facts regarding the traffic stop. On April 5, 2015, Pennsylvania State Troopers Brian Richardson (Trooper Richardson) and Michael Voetelink (Trooper Voetelink) observed a red Chrysler minivan traveling southbound on Interstate 95 and

proceeded to follow the minivan. (Pet. at ¶ A.) The Troopers clocked the minivan traveling 85 miles per hour in a 55 mile per hour zone. (*Id.*) The Troopers turned on their lights and pulled over the minivan to the side of the road to execute a traffic stop. (*Id.*)

The driver of the minivan, Starks, informed Trooper Richardson that the vehicle was a rental and that he was returning from a family visit in Glassboro, New Jersey. (Pet. at ¶ D.) The Petition alleges that Starks was "extremely nervous, and his hands were shaking." (Pet. at ¶ B.) The Troopers ran a criminal background check on Starks and discovered what the Petition characterizes as an "extensive criminal history," including charges for firearms and drug trafficking. (Pet. at ¶ C.) Trooper Richardson prepared a citation for speeding and approached the minivan. (*Id.*) When Trooper Richardson asked Starks to exit the vehicle so he could present him with the ticket, Starks refused and became argumentative. (*Id.*) Starks reached down to the ignition, giving the appearance that he considered fleeing. (*Id.*) Starks again became argumentative but agreed to exit the vehicle to receive the ticket. (*Id.*) Starks consented to a pat down search for weapons and Trooper Richardson did not find any. (*Id.*) Trooper Richardson issued the citation and told Starks he was free to go. (Pet. at ¶ E.) As Starks walked towards the minivan, though, Trooper Richardson asked if there were any weapons or drugs in the vehicle; Starks replied there were not. (Pet. at ¶ F.) Trooper Richardson asked to search the vehicle, and Starks gave oral consent and signed a consent-to-search form. (*Id.*)

During the search, Trooper Richardson discovered a black plastic bag beneath a seat in the second row and on the passenger's side of the minivan. (Pet. at ¶ G.) Inside the plastic bag was bulk U.S. currency that was later counted to

2

total $17,690.00. (Pet. at ¶ ¶ G, H.) Trooper Richardson asked Starks if there was any money in the vehicle and Starks replied that there was not. (Pet. at ¶ H.) Trooper Richardson then showed Starks the plastic bag and bulk currency and Starks related that it was not his bag nor did he know whose bag it was. (*Id.*) Trooper Richardson seized the bulk currency for testing and asked Starks if he wanted a receipt or incident number for the seizure. (*Id.*) Starks replied that he did not, and Trooper Richardson released him from the traffic stop. (*Id.*)

On February 2, 2016, the trial court issued a rule to show cause upon Starks, directing Starks to show cause as to why the Petition should not be granted. The Commonwealth attempted service by certified mail on April 8, 2016, and then attempted personal service on May 4, 2016. After both attempts were unsuccessful, the Commonwealth attempted to effectuate service by publication in the Delaware County Daily Times on May 25, 2016, and June 1, 2016. On July 8, 2016, the Commonwealth filed a Motion for Order of Forfeiture and Condemnation (Motion) of the seized $17,690.00. The trial court granted the Motion on July 14, 2016.

On appeal, Starks, now represented by counsel, argues that the Commonwealth violated his due process rights in the following ways: (1) failing to serve him within 30 days of the filing of the Petition; (2) failing to reinstate the Petition after failing to serve Starks within 30 days; (3) failing to serve Starks personally or by certified mail; and (4) failing to file a notice of intent to take default judgment.

In response, the Commonwealth submitted a letter to the Court in lieu of a brief. The Commonwealth agrees that it failed to comply with the notice

3

requirements under the Controlled Substances Forfeiture Act.[1]  The Commonwealth recommends that this Court reverse the July 14, 2016 trial court order, granting forfeiture by default, and remand so that Starks has an opportunity to respond to the Petition.

Accordingly, we vacate the order of the trial court.  On remand, the trial court is instructed to afford Starks the opportunity to respond to the Commonwealth's Petition.

_____
P. KEVIN BROBSON, Judge

---

[1] 42 Pa. C.S. §§ 6801-6802.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:　No. 1408 C.D. 2016
　　　　　　　　　　　　　　　　:
$17,690.00 Seized from　　　　　　:
Gregory Starks　　　　　　　　　:
　　　　　　　　　　　　　　　　:
Appeal of: Gregory Starks　　　　　:


# **O R D E R**


AND NOW, this 31ˢᵗ day of May, 2017, the order of the Court of Common Pleas of Delaware County (trial court) is VACATED, and the matter is REMANDED to the trial court for further proceedings consistent with this opinion.

Jurisdiction relinquished.


_____
P. KEVIN BROBSON, Judge